UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TIMOTHY TALAMANTE,<br><br>          Plaintiff,<br>v.<br><br>CHRIS PIAETE, et al.,<br><br>          Defendants. | Case No. 3:24-CV-00509-ART-CLB<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

Plaintiff Timothy Talamante brings this action under 42 U.S.C. § 1983, alleging that inadequate ventilation systems at Northern Nevada Correctional Center ("NNCC") have given him and other inmates carbon monoxide poisoning. Before the Court is Talamante's motion for a preliminary injunction, which requests that the prison's culinary be supplied adequate ventilation and air flow to offset the concentration of toxic fumes such as carbon monoxide. (ECF No. 6.) Judge Baldwin has issued a report and report and recommendation ("R&R") recommending that the Court deny Talamante's motion as moot and recommending that the Court order Interested Party Nevada Department of Corrections ("NDOC") to file a status report concerning the culinary ventilation systems at NNCC within 30 days of this order. (ECF No. 24.) Talamante has filed an objection. (ECF No. 26.) For the following reasons, the Court overrules Talamante's objection (ECF No. 26) and adopts the R&R (ECF No. 24).

**I.    BACKGROUND**

The Court adopts the following facts from the R&R. (ECF No. 24 at 1–2.) Talamante is an inmate in the custody of the NDOC, currently housed at NNCC. (ECF No. 1-1.) On November 12, 2024, Talamante submitted his initial complaint. (*Id.*) In the complaint, Talamante alleged that at various points between 2020 and 2024, Defendants were informed that the ventilation systems and the kettle in

1

1  the culinary were not properly functioning and that, as a result, Talamante and
2  other inmates could be exposed to harmful gases, including carbon monoxide,
3  when working in the culinary. (ECF No. 8.) Despite these warnings, Defendants
4  did not take steps to ensure that the ventilation systems or the kettle were
5  replaced or fully repaired. Nor did they take any other steps to protect the inmates
6  working in the culinary, such as setting up carbon monoxide detectors.

7  As a result, Talamante experienced carbon monoxide poisoning starting in
8  early 2023, with a variety of symptoms including nausea, headaches, confusion,
9  and impaired vision. A particularly acute carbon monoxide leak occurred in
10 February 2024, which resulted in the evacuation of the culinary and inmates
11 being sent to receive medical treatment. However, even after that outbreak,
12 carbon monoxide issues persisted with other inmates being sent to the hospital,
13 and Talamante testing positive for elevated levels of carbon monoxide as of
14 September 2024.

15 On February 7, 2025, the District Court screened Talamante's complaint
16 pursuant to 28 U.S.C. § 1915A(a). (ECF No. 7.) Based on Talamante's allegations,
17 the Court allowed Talamante to proceed on an Eighth Amendment conditions of
18 confinement claim against Defendants. (*Id.*) On February 4, 2025, Talamante filed
19 a motion for preliminary injunction related to his conditions of confinement
20 claim. (ECF No. 6.)

21 **II.    LEGAL STANDARD**

22 Under the Federal Magistrates Act, a court "may accept, reject, or modify,
23 in whole or in part, the findings or recommendations made by [a] magistrate
24 judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's
25 report and recommendation, then the court is required to "make a *de*
26 *novo* determination of those portions of the [report and recommendation] to which
27 objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any
28 review at all . . . of any issue that is not the subject of an objection." *Thomas v.*

*Arn*, 474 U.S. 140, 149 (1985).

A preliminary injunction is an "extraordinary remedy." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). A party seeking a preliminary injunction must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm if preliminary relief is not granted, (3) the balance of equities is in their favor, and (4) an injunction is in the public interest. *Id.* at 20.

A case is moot when it has "lost its character as a present, live controversy of the kind that must exist if [the court is] to avoid advisory opinions on abstract propositions of law." *Oregon v. FERC*, 636 F.3d 1203, 1206 (9th Cir.2011) (per curiam). A motion for a preliminary injunction can therefore be moot where the relief requested has been obtained. *See DeFunis v. Odegaard*, 416 U.S. 312 (1974) (case was moot where plaintiff was afforded the remedy requested).

### III.  DISCUSSION

In his motion for requesting injunctive relief, Talamante requests court intervention "to ensure that the prison's culinary (Plaintiff's workplace) is supplied adequate ventilation and air flow to offset the concentration of toxic fumes such as carbon monoxide." (ECF No. 6.) He alleges that inadequate ventilation and insufficient airflow in the culinary caused him to experience carbon monoxide poisoning and that, to date, Defendants had not made the arrangements necessary to fix the culinary's air dispense systems. (*Id.* at 2–3.)

In the R&R, Judge Baldwin explains that after reviewing the motion for a preliminary injunction, the Court ordered Defendants to submit supplemental briefing on the status of the exhaust fans. (ECF No. 18.) NDOC submitted a declaration from Patrick Hendrickson, the HVAC maintenance person at NNCC. (ECF No. 23.) Hendrickson's declaration, dated April 21, 2025, states that three of the four exhaust fans in the culinary are now working fully; that one of the four air handlers is working; and that "[t]he safety sergeant takes regular carbon

1  monoxide readings and reports 0 parts per million on the readings." (ECF No. 23-
2  1 at 2.) Hendricksen states that the fourth exhaust fan and three of the four air
3  handlers are awaiting parts. (*Id.*) Based on that declaration, the R&R found that
4  the Talamante's request—to ensure that the culinary is supplied with adequate
5  ventilation and air flow to offset the concentration of toxic fumes such as carbon
6  monoxide—had become moot.

Talamante timely filed an objection in which he again requests that the Court ensure that the culinary is supplied adequate ventilation and airflow to offset the concentration of toxic fumes such as carbon monoxide. (ECF No. 26 at 2.)[1] Talamante alleges that carbon monoxide detectors "don't exist" and that air quality levels are at "50 to 150 ppm." (*Id.*) Talamante recounts several concerning incidents that took place throughout 2024 and early 2025, including an incident on March 6, 2025, when a "60 gallon kettle blew up." (ECF No. 26 at 11.) Although this suggests that inadequate ventilation remained a serious issue in March, it does not address Defendants' evidence suggesting that, as of April, carbon monoxide readings were at acceptable levels. (ECF No. 23 at 2; ECF No. 23-1 at 2.) Talamante's objection also includes evidence that tends to support his Eighth Amendment claim, including a declaration from inmate Justin Johnson who was also diagnosed with carbon monoxide poisoning after working in the culinary in 2024. (*See* ECF No. 26 at 19–20.) However, because that evidence pre-dates Hendricksen's declaration, it does not contradict the Court's finding that Talamante's request for injunctive relief is now moot.

### IV.  CONCLUSION

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 24) is adopted.

Accordingly, Plaintiff's motions for a preliminary injunction (ECF No. 6) is

---

[1] Talamante filed a request for extension of time to file his objection, but then timely filed the objection, so that motion is now moot. (ECF No. 25.)

4

denied as moot without prejudice and with leave to refile.

NDOC is ordered to submit a status report regarding the ventilation systems in the NNCC culinary by July 28, 2025. The status report should include: the status of repairs for the exhaust fans; the status of repairs for the air handlers; the status of carbon monoxide detectors; and updated information on carbon monoxide levels in the culinary.

It is further ordered that Plaintiff's motion to extend time (ECF No. 25) is denied as moot.

DATED: May 28, 2025

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE