UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TIMOTHY TALAMANTE,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CHRIS PIAETE, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 3:24-CV-00509-ART-CLB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>[ECF No. 50] |

　　　　Between November 2024 and May 2025, several plaintiffs incarcerated at Northern Nevada Correctional Center filed civil rights actions under 42 U.S.C. § 1983 alleging they were exposed to carbon monoxide while working in the culinary facility. (ECF Nos. 50 at 2; 53 at 2.) To streamline litigation in these cases the Court ordered them consolidated.[1] (ECF No. 39.) Plaintiffs Timothy Talamante, James Lowe, Eric Buhl, Tehki Santiago Bill, Dennis Garcia, and Justin Johnson (collectively referred to as "Plaintiffs") now move the Court for leave to file an amended complaint. (ECF No. 50.) For the reasons discussed below, Plaintiffs' motion is granted.

　　　　Once litigation in a case has commenced, a party may only amend their complaint with the opposing party's consent or, if the opposing party objects, with the court's leave. Fed. R. Civ. Pro. 15(a)(2). In the latter cases, courts "should freely give leave when justice so requires." *Id.* The Ninth Circuit has held that "[t]his policy is 'to be applied with extreme liberality.'" *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Courts consider the following four factors when determining whether to grant a motion to amend: (1) "bad faith;" (2) "undue delay;" (3) "prejudice to the opposing party;" and/or (4)

---

[1] The following cases were consolidated with this case: (1) 3:24-CV-00510-ART-CLB; (2) 3:24-CV-00580-MMD-CLB; (3) 3:25-CV-00130-ART-CLB; (4) 3:25-CV-00233-MMD-CSD; and (5) 2:24-CV-02037-CDS-BNW. (ECF No. 39.)

"futility." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Id.*

Here, Plaintiffs seek leave to amend to: (1) consolidate all claims raised in the various cases; (2) add class action allegations pursuant to Federal Rule of Civil Procedure 23; (3) name additional defendants; and (4) add additional factual allegations based on newly discovered information. (ECF No. 50 at 4-6.) Plaintiffs argue the Court should grant the motion because doing so will not cause Defendants any prejudice and amendment is necessary for Plaintiffs to obtain full relief. (*Id.* at 6.) Defendants do not argue they would be prejudiced by Plaintiffs' proposed amendment or otherwise object.[2]

The Court finds the four factors outlined above each weigh in favor of amendment. Plaintiffs seek leave to amend in good faith following the consolidation of related cases, and granting leave to amend would not cause any undue delay or prejudice given the early stage of litigation the case is in. Finally, amendment is not futile; if anything, amendment in this context is necessary to consolidate all claims and plaintiffs into a single operative complaint.

///

///

---

[2] In their opposition, Defendants argue the Court should deny class certification rather than arguing the Court should deny leave to amend. (ECF No. 53 at 5-8.) Defendants' motion is premature. Rule 23 states a court must certify a class action at "an early practicable time" once litigation commences. Here, litigation has not commenced, at least with respect to the class action allegations. Defendants are in essence seeking to dismiss Plaintiffs' class allegations at the pleading stage, which "should be done rarely." *Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 655 (D. Nev. 2009). The "better and more advisable practice" is to reach the issue of class certification only once the parties have conducted "enough discovery" "to present evidence as to whether a class action [is] maintainable." *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977); *see also In re Wal-Mart Stores, Inc. Wage and Hour Litig.*, 505 F. Supp. 609, 615 (N.D. Cal. 2007) (collecting cases finding class certification cannot be addressed without sufficient discovery). Indeed, the Court is required to conduct a "rigorous analysis" when determining whether class certification is appropriate, something it cannot do on this record. *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1185 (9th Cir. 2001) (citing *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1233 (9th Cir. 1996)). The issue of class certification is therefore not ripe for the Court's review at this time.

I.     **CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiffs' motion for leave to amend, (ECF No. 50), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **FILE** Plaintiffs' amended complaint, (ECF No. 50 at 9-34), which is now the operative complaint in this case.

**IT IS FURTHER ORDERED** that within **21 DAYS** from the date of this order the Attorney General's Office shall file a notice advising Plaintiffs and the Court of whether it can or cannot accept service on behalf of the Defendants listed in Plaintiffs' amended complaint. (*See* ECF No. 50 at 13-15.)

**IT IS FURTHER ORDERED** that Defendants shall file and serve an answer or otherwise respond to the amended complaint within **60 DAYS** from the date of this order.

**DATED**: December 16, 2025

_____
**UNITED STATES MAGISTRATE JUDGE**